IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN RAMON HUGHES**                                                                 **PLAINTIFF**
**ADC #119986**

V.                           NO. 4:24-cv-00261-KGB-ERE

**MARILYN RICHARDS**                                                                   **DEFENDANT**

## ORDER

*Pro se* plaintiff Brian R. Hughes has moved for summary judgment on the claims raised against Defendant Richards in this case. *Doc. 57*. For the following reasons, Mr. Hughes' motion is denied.

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Here, Mr. Hughes fails to provide any evidence showing that there is no genuine dispute as to any material fact such that he is entitled to judgment as a matter

of law as to any of his pending claims against Defendant Richards. Mr. Hughes also fails to provide a brief in support of his motion or a statement of undisputed facts, both of which are required by this Court's Local Rules. *See* Local Rules 7.2 (a) and 56.1.

In addition, Mr. Hughes' motion is premature. At this time, the parties have not had an opportunity to engage in discovery. See *Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").[1] All merits-based discovery is stayed until the Court has ruled on Defendant Richard's motion for summary judgment raising the issue of exhaustion. Once the discovery stay is lifted, Mr. Hughes may engage in discovery by sending discovery requests to counsel for Defendant Richards.

IT IS THEREFORE ORDERED THAT Mr. Hughes' motion for summary judgment (*Doc. 57*) is DENIED.

SO ORDERED 3 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Hughes currently has until February 14, 2025, to respond to Defendant Richard's motion for summary judgment raising the issue of exhaustion. *Doc. 58*.