IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRIAN RAMON HUGHES**  **PLAINTIFF**
**ADC # 119986**

v.                         Case No. 4:24-cv-00261-KGB

**MARILYN RICHARDS**  **DEFENDANT**

### ORDER

Before the Court are a Recommended Disposition ("Recommendation") (Dkt. No. 72); plaintiff Brian RaMon Hughes's motion for extension of time to respond to Magistrate Judge's Recommendation (Dkt. No. 74); Mr. Hughes's motion for issuance of a subpoena (Dkt. No. 75); Mr. Hughes's objections to the Recommendation (Dkt. No. 76); Mr. Hughes's motion for extension of time to supplement the plaintiff's claim (Dkt. No. 77); and Mr. Hughes's motion for status update (Dkt. No. 80). The Court addressees each motion below.

**I.     Recommendation**

Before the Court is a Recommendation submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 72). On May 5, 2025, Mr. Hughes filed a motion for extension of time to respond to Magistrate Judge's Recommendation (Dkt. No. 74). On May 5, 2025, Mr. Hughes also filed objections to the Recommendation (Dkt. No. 76). The Court grants Mr. Hughes's motion for extension of time to respond to Magistrate Judge's Recommendation to the extent that Mr. Hughes seeks to have his objections filed on May 5, 2025, considered timely (Dkt. No. 74). The Court considers Mr. Hughes's objections timely filed and considers the objections in ruling on the pending Recommendation (Dkt. No. 76).

After careful consideration of the Recommendation, Mr. Hughes's objections, and a *de novo* review of the record, the Court adopts the Recommendation in its entirety as its own (Dkt.

No. 72).  Mr. Hughes's objections break no new ground.  Defendant Marilyn Richards' motion for summary judgment is granted (Dkt. No. 52).  Mr. Hughes's claims against Ms. Richards are dismissed without prejudice for failure to exhaust administrative remedies.  The Clerk of Court is instructed to close this case.

II.     **Motion For Extension Of Time To Supplement The Plaintiff's Claim**

Also before the Court is Mr. Hughes's motion for extension of time to supplement the plaintiff's claim (Dkt. No. 77).  In the Recommendation, adopted by the Court in this Order, Judge Ervin found that Mr. Hughes did not exhaust his administrative remedies (Dkt. No. 72, at 5–9).  Mr. Hughes represents that, on April 22, 2025, he filed a grievance against defendant Marilyn Richards which "is in the last step of completion with Director being exhausted." (Dkt. No. 77, ¶¶ 1–2).  Therefore, Mr. Hughes requests that he be given an extension of 60 days to supplement the record with the newly filed grievance (*Id.*, ¶ 3).  Further, Mr. Hughes submitted an exhibit in support of exhaustion (Dkt. No. 79).

Ms. Richards responded in opposition to the motion and claims that, under Eighth Circuit precedent, the relevant inquiry is whether Mr. Hughes exhausted his grievance before filing the action (Dkt. No. 78, at 1).

The Court agrees with Ms. Richards that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement mandates that the "district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred.  If exhaustion was not completed at the time of filing, dismissal is mandatory." *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  The reasoning of the Eighth Circuit in *Johnson* controls this Court.  Because the Court agrees with Judge Ervin's findings that Mr. Hughes did not exhaust his grievance before filing this suit and given the controlling Eighth Circuit law that exhaustion must

2

be complete by the time the suit is filed, not after the suit is filed, the Court declines to provide Mr. Hughes an extension to supplement the record with a newly exhausted grievance. Therefore, the Court denies Mr. Hughes's motion for extension of time to supplement the plaintiff's claim (Dkt. No. 77).

### III.    Motion For Issuance Of Subpoena

Also pending before the Court is a motion for issuance of subpoena filed by Mr. Hughes (Dkt. No. 75). Mr. Hughes seeks to subpoena the grievance coordinator to inquire as to whether Mr. Hughes had exceeded his allotted number of grievances when he grieved the issue against Ms. Richards. Because the Court determines that Mr. Hughes's claims against Ms. Richards should be dismissed without prejudice for failure to exhaust administrative remedies prior to filing this suit, the issuance of a subpoena is not procedurally appropriate or permissible under the Federal Rules of Civil Procedure. As a result, the Court denies as moot Mr. Hughes's motion for issuance of subpoena.

### IV.    Conclusion

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 72). Therefore, it is ordered that:

1. Mr. Hughes's motion for extension of time to respond to Magistrate Judge's Recommendation is granted, and Mr. Hughes's objections filed on May 5, 2025, are considered timely (Dkt. No. 74);

2. Ms. Richards' motion for summary judgment is granted (Dkt. No. 52);

3. Mr. Hughes's claims against Ms. Richards are dismissed without prejudice for failure to exhaust administrative remedies, and the Clerk of Court is instructed to close this case (Dkt. Nos. 1; 15);

4.   Mr. Hughes's motion for extension of time to supplement the plaintiff's claim is denied (Dkt. No. 77);

5.   Mr. Hughes's motion for issuance of a subpoena is denied as moot (Dkt. No. 75); and

6.   Mr. Hughes's motion for status update is granted, and this Order constitutes the requested update on the status of this matter (Dkt. No. 80).

It is so ordered this 21st day of July, 2025.

Kristine G. Baker
Chief United States District Judge